IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CALVIN ZASTROW, ) | |
| ) | CV-12-18-BLG-RFC |
| Plaintiff, ) | |
| vs. ) | |
| ) | ORDER |
| STEVEN BULLOCK, in his official ) | |
| capacity as Montana's Attorney General; ) | |
| LINDA McCULLOCH, in her official ) | |
| capacity as Montana's Secretary of State; ) | |
| JAMES MURRAY, in his official capacity ) | |
| as the Political Practices Commissioner; ) | |
| COUNTY OF YELLOWSTONE; ) | |
| SCOTT TWITO, in his official capacity as ) | |
| the Yellowstone County Deputy Attorney; ) | |
| and JOHN DOES 1-3, in both their ) | |
| individual and official capacity as ) | |
| Yellowstone County Deputy Sheriffs. ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

## BACKGROUND

Calvin Zastrow seeks injunctive relief from this Court to invalidate a Montana statute prohibiting enforcement of Mont. Code Ann. §13-35-218(2). Defendants respond and agree that the statute is unconstitutional and will not be enforced.

1

## STANDARD OF REVIEW

The traditional criteria for granting preliminary injunctive relief are: (1) a substantial likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiff; and (4) advancement of the public interest. *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980); *Textile Unlimited Inc. v. A.B.M.H. and Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001). However, The Ninth Circuit has ruled that the moving party may meet its burden by demonstrating either: (1) a combination of probable success on the merits and the possibility of irreparable injury; or (2) that the plaintiff's papers raise "serious questions" on the merits and the balance of hardships tips sharply in its favor. *Los Angeles Mem'l Coliseum Comm'n*, 634 F.2d at 1201; *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 840-41 (9th Cir. 2001). These two tests represent a sliding scale where the required degree of irreparable harm increases as the probability of success decreases. *Friends of the Clearwater v. McAllister*, 214 F.Supp.2d 1083, 1086 (D.Mont. 2002). Furthermore, the plaintiff must show that there is a significant threat of irreparable injury. *Id.* A preliminary injunction is not a preliminary adjudication on the

merits but rather "a device for preserving status quo and preventing irreparable loss of rights before judgment." *Textile Unlimited*, 240 F.3d at 786.

## ANALYSIS

Mont. Code Ann. § 13-35-218(2) states as follows:

> (2) A person who is a minister, preacher, priest, or other church officer or who is an officer of any corporation or organization, religious or otherwise, may not, other than by public speech or print, urge, persuade, or command any voter to vote or refrain from voting for or against any candidate, political party ticket, or ballot issue submitted to the people because of the person's religious duty or the interest of any corporation, church, or other organization.

Defendants admit and stipulate that Mont. Code Ann. § 13-35-218(2) is unconstitutional, has not been enforced, will not be enforced, and its text will not be displayed in any signage in future elections regulated or administered by the Secretary of State.

Plaintiff has not demonstrated that he has suffered or will suffer any harm. Activities of Plaintiff will not be subject to any potential enforcement of Mont. Code Ann. § 13-35-218(2). Plaintiff cannot show that there is a significant threat of irreparable injury. *Friends of the Clearwater v. McAllister*, 214 F.Supp.2d 1083, 1086 (D.Mont. 2002).

Zastrow's Motion for Preliminary Injunction [*doc. 3*] is DENIED AS MOOT.  The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 27th day of July, 2012.

*/s/ Richard F. Cebull*_____
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE